SC Judicial Department



 


 South Carolina


 JUDICIAL DEPARTMENT
 

 Text Only Page


 Site Map | Feedback



 
 Search:  
 
 
 







 
Home
 
 Supreme Court
 Overview
 Justices
 Jean Hoefer Toal
Chief Justice
 
 Costa M. Pleicones
 
 Donald W. Beatty
 
 John W. Kittredge
 
 Kaye G. Hearn
 
 
 Roster of Cases
 Clerk's Office
 Disciplinary Counsel
 Overview
 Commission on Judicial Conduct
 Commission on Lawyer Conduct
 How to File a Complaint
 Frequently Asked Questions
 ABA Reports on the Lawyer and Judicial Disciplinary Systems
 
 Bar Admissions
 Library
 Court Administration
 History
 Map & Location
 Strategic Plan
 
 
 Court of Appeals
 Overview
 Judges
 John C. Few
Chief Judge
 
 Thomas E. Huff
 
 Paul E. Short, Jr.
 
 H. Bruce Williams
 
 Paula H. Thomas
 
 Aphrodite K. Konduros
 
 John D. Geathers
 
 James E. Lockemy
 
 Stephanie P. McDonald
 
 
 Roster of Cases
 Clerk's Office
 Library
 History
 FAQs
 Map & Location
 
 Trial Courts
 Circuit Court
 Overview
 Chief Admin Judges
 Alphabetical List
 Circuit Map
 Judge Roster
 
 Family Court
 Overview
 Chief Admin Judges
 Alphabetical List
 Circuit Map
 Judge Roster
 
 Masters-In-Equity
 Overview
 Alphabetical List
 County Map
 Judge Roster
 
 Probate Court
 Overview
 Alphabetical List
 County Map
 Judge Roster (Alpha)
 Judge Roster (County)
 
 Magistrates Court
 Overview
 Chief Admin Judges
 Alphabetical List
 County Map
 Judge Roster
 Judge Roster by County
 Summary Court Judges Benchbook
 
 Municipal Court
 Overview
 Alphabetical List
 County Map
 Judge Roster
 Judge Roster by County
 Summary Court Judges Benchbook
 
 Court Reporters
 Circuit Court
 Family Court
 Court Reporter Manual
 
 Court Rosters
 Case Records Search
 
 
 Court Officials
 Clerks of Court
 Overview
 Alphabetical List
 County Map
 Clerk Roster
 Family Court Contacts
 State Grand Jury
 Circuit Court Fees
 Family Court Fees
 Clerk of Court Manual
 
 Registers of Deeds
 Overview
 Alphabetical List
 County Map
 ROD Roster
 
 Solicitors
 Public Defenders
 
 Opinions/Orders
 Published Opinions
 Supreme Court
 Court of Appeals
 
 Opinion Search
 Advance Sheets
 Unpublished Opinions
 Supreme Court
 Court of Appeals
 
 Unpublished Opinion Search
 Judicial Advisory Opinions
 Judicial Advisory Opinion Search
 Court Orders
 All Court Orders
 Administrative
 Judicial/Legal Conduct
 Court Rule Maintenance
 
 Order Search
 
 
 Calendar
 Monthly View
 Terms of Court
 Circuit Judge Assignments
 Family Judge Assignments
 Calendar Search
 

 


 


 
 2014-09-17-01 
 


 

The Supreme Court of South Carolina

 
 
 
 Re: Amendments to Rule 407, South Carolina Appellate Court Rules.
 Appellate Case No. 2013-001610 
 
 
 

 ORDER
The South Carolina Bar has filed a petition to amend Rule 1.6 of the Rules of Professional Conduct.  We grant that portion of the Bar's petition requesting the Court adopt the American Bar Association's amendments to Model Rule 1.6 and the Comments to the rule.  We also adopt the American Bar Association's amendments to the comments to Model Rule 1.17.  
Pursuant to Article V, § 4 of the South Carolina Constitution, Rules 1.6 and 1.17 of the Rules of Professional Conduct are amended as set forth in the attachment to this Order.  The amendments are effective immediately. 

 s/Jean H. Toal                                  C.J.
s/Costa M. Pleicones                          J.
 s/Donald W. Beatty                             J.
 s/John W. Kittredge                             J.
 s/Kaye G. Hearn                  
                J.
 
 
 Columbia, South Carolina
September 17, 2014 
Rule 1.6(b), RPC, Rule 407, SCACR, is amended by adding paragraph (8), which provides as follows:
(8) to detect and resolve conflicts of interest arising from the lawyer's change of employment or from changes in the composition or ownership of a firm, but only if the revealed information would not compromise the attorney-client privilege or otherwise prejudice the client.
The following Comments are added to Rule 1.6 as Comments 13 and 14, with the remaining Comments renumbered accordingly:
Detection of Conflicts of Interest
[13] Paragraph (b)(8) recognizes that lawyers in different firms may need to disclose limited information to each other to detect and resolve conflicts of interest, such as when a lawyer is considering an association with another firm, two or more firms are considering a merger, or a lawyer is considering the purchase of a law practice.   See Rule 1.17, Comment [6].  Under these circumstances, lawyers and law firms are permitted to disclose limited information, but only once substantive discussions regarding the new relationship have occurred.  Any such disclosure should ordinarily include no more than the identity of the persons and entities involved in a matter, a brief summary of the general issues involved, and information about whether the matter has terminated.  Even this limited information, however, should be disclosed only to the extent reasonably necessary to detect and resolve conflicts of interest that might arise from the possible new relationship.  Moreover, the disclosure of any information is prohibited if it would compromise the attorney-client privilege or otherwise prejudice the client (e.g., the fact that a corporate client is seeking advice on a corporate takeover that has not been publicly announced; that a person has consulted a lawyer about the possibility of divorce before the person's intentions are known to the person's spouse; or that a person has consulted a lawyer about a criminal investigation that has not led to a public charge).  Under those circumstances, paragraph (a) prohibits disclosure unless the client or former client gives informed consent.  A lawyer's fiduciary duty to the lawyer's firm may also govern a lawyer's conduct when exploring an association with another firm and is beyond the scope of these Rules.  
[14] Any information disclosed pursuant to paragraph (b)(8) may be used or further disclosed only to the extent necessary to detect and resolve conflicts of interest.  Paragraph (b)(8) does not restrict the use of information acquired by means independent of any disclosure pursuant to paragraph (b)(8).  Paragraph (b)(8) also does not affect the disclosure of information within a law firm when the disclosure is otherwise authorized, see Comment [6], such as when a lawyer in a firm discloses information to another lawyer in the same firm to detect and resolve conflicts of interest that could arise in connection with undertaking a new representation.
Comment 6 to Rule 1.17, RPC, Rule 407, SCACR, is amended to provide as follows:
[6] Negotiations between seller and prospective purchaser prior to disclosure of information relating to a specific representation of an identifiable client no more violate the confidentiality provisions of Rule 1.6 than do preliminary discussions concerning the possible association of another lawyer or mergers between firms, with respect to which client consent is not required.  See Rule 1.6(b)(8).   Providing the purchaser access to detailed information relating to the representation, such as the client's file, however, requires client consent.  The Rule provides that before such information can be disclosed by the seller to the purchaser regarding an active client, the client must be given actual written notice of the contemplated sale, including the identity of the purchaser, and must be told that the decision to consent or make other arrangements must be made within 90 days.  If nothing is heard from the active client within that time, consent to the sale is presumed.